UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUDITH M. DARBY | * | |
| | * | CASE NO: |
| *Plaintiff,* | * | |
| | * | |
| VS. | * | |
| | * | SECTION: |
| | * | |
| DAVID G. SNOW, SADIE A. GENTRY, | * | |
| ALBERT J. DECORTE, | * | |
| USAA GENERAL INDEMNITY COMPANY | * | |
| AND ABC INSURANCE COMPANY | * | |
| | * | |
| *Defendants,* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

The complaint of Judith M. Darby (hereinafter "Darby"), a person of the full age of majority and a resident of and domiciled in the Parish of St. Tammany, respectfully represents:

1

That made defendants herein, jointly and in solido, are:

(A) Albert J. Decorte (believed to be a person of the full age of majority and a resident of and domiciled in the Parish of St. Tammany, hereinafter "Decorte");

(B) David G. Snow (believed to be a person of the full age of majority and a resident of and domiciled in Carriere, Pearl River County, State of Mississippi, hereinafter "Snow");

(C) Sadie A. Gentry (believed to be a person of the full age of majority and a resident of and domiciled in Carriere, Pearl River County, State of Mississippi, hereinafter "Gentry");

(D) USAA General Indemnity Company (believed to be a foreign insurance company qualified to do and doing business in this State and Parish and hereinafter "USAA"); and

(E) ABC Insurance Company (believed to be a foreign insurance company qualified to do

1

and doing business in this State and Parish and hereinafter "ABC" which will be later identified as Discovery progresses).

2

That maritime jurisdiction and venue is proper in this District as per Article III, Section 2 of the U.S. Constitution; that the accident occurred upon the navigable waterway known as the Tchefuncte River in Madisonville, Louisiana.

3

That upon information and belief on or about October 13, 2018, Gentry, Decorte, and Snow were the co-owners of a vessel known as "Bird in Time" which was moored on the Tchefuncte River in Madisonville, Louisiana.

4

That the named defendants were participants in or at the Madisonville Wooden Boat Festival and had registered themselves and/or their vessel accordingly with the Lake Pontchartrain Basin Maritime Museum, all as will be shown at a trial of this cause.

5

That on or about the evening of October 12, 2018, Darby renewed her acquaintance with Snow while both attending the "Captain's Dinner" at the Maritime Museum; that Darby had previously met Snow years earlier; that Snow, Gentry and Decorte were together at this "Dinner"; that all defendants invited Darby to visit them aboard their new vessel "Bird in Time" on Saturday morning, October 13; that the next day, Darby located the "Bird in Time"; that the "Bird in Time" was tethered to the shoreline and that the co-owners, or persons acting on their behalf, had placed their own walkway or plank from ship-to-shore.

6

2

That Darby was again specifically invited to board the "Bird in Time" by the defendants on October 13.

7

That Darby, after being invited to board the vessel, attempted to traverse the ship-to-shore plank when the plank collapsed under her, caused Darby to lose her balance, and she thereafter fell causing permanent damage to her knee and leg for which she required surgery.

8

That upon information and belief, the plank was improperly designed and was unfit for its use by the defendants as a ship-to-shore walkway and ultimately created an unsafe and hazardous condition that was a direct cause of Darby's fall; that upon information and belief, the plank (nor vessel) was not properly secured to provide safe ingress or digress for invitees aboard the Bird in Time.

9

That Darby did not cause or contribute to the accident sued upon.

10

That upon information and belief, Gentry and Snow introduced themselves not only as owners of the Bird in Time, but as 'husband and wife', and accordingly, their respective joint estate is liable for all damages sustained.

11

That upon information and belief, Decorte was introduced as a co-owner of the Bird in Time.

12

That at all times material hereto, a policy of liability insurance had been issued by USAA

Insurance Company and was in full force and effect as to its insureds Snow and Gentry, all of which will be shown at a trial of this cause.

13

That at all times material hereto, a policy of liability insurance had been issued by ABC Insurance Company and was in full force and effect as to its insureds Gentry, Snow and Decorte.

14

That the negligent actions/inactions of Snow/Gentry and/or Decorte were a direct cause of this accident:

A.  Operating their vessel in a reckless and careless manner;

B.  Failing to properly moor their vessel;

C.  Failing to see what they should have seen;

D.  Negligently supplying a defective, unfit, unsecured and useless ship-to-shore plank;

E.  Failing to provide, maintain and secure the ship-to-shore plank;

F.  Failure to warn invitees, such as Darby, as to the perilous use of the plank;

G.  Failing to pay attention to the dangerous condition they created;

H.  Creating a dangerous condition;

I.  Any other act of negligence that may be shown at a trial of this cause;

J.  Any other violation at law that may be shown at a trial of this cause.

15

That as a result of the foregoing, Darby has sustained injuries to her ligaments, tendons, nerves, legs, knees and other such parts of the body to be shown at a trial of this cause, including but not limited to injuries to the nervous system and her psyche.

16

That petitioner has suffered losses, and special damages, all as will be shown at a trial of this cause. Petitioner itemizes her non-exclusive list of damages as follows, all of which may be supplemented hereinafter, as per law:

a) Loss of enjoyment of life;

b) Past, present and future physical pain and suffering and mental anguish;

c) Past, present and future medical expenses; and

d) Past, present and future travel expenses for obtaining medical treatment.

17

That petitioner avers that it will be necessary to retain and call expert witnesses to testify at trial of this cause; that fees & costs for said expert witnesses, whether written reports, oral testimony given by deposition or for court appearances should be taxed as court costs herein and assessed against defendants, as per law.

18

That petitioner, as a result of the fall into the waters of the Tchefuncte River, her camera and lens were destroyed.

19

That legal interest be awarded petitioner from the date of accident until paid, or in the alternative, from the date of judicial demand until paid, all as to be determined by this Court.

**WHEREFORE,** petitioner, Judith M. Darby, prays that all defendants Sadie A. Gentry, David G. Snow, Albert J. Decorte, and USAA General Indemnity Company be cited to appear and answer this petition and that after legal delays be had, there be Judgment in favor of petitioner and against all defendants, jointly and in solido, in such an amount to be awarded by this Court,

plus interest from judicial demand until paid as prayed for herein, plus all costs. And for all general and equitable relief.

           Respectfully submitted:

           The Bezou Law Firm

           Jacques F. Bezou (3037)
           Matthew L. Devereaux (32125)
           Jacques F. Bezou, Jr. (33728)
           Erica A. Hyla (34603)
           534 East Boston Street
           Covington, LA 70433
           Telephone: (985) 892-2111
           Facsimile: (985) 892-1413

-and-

Robert A. Barnett

Robert A. Barnett, A LLC #2778
19370 Hwy. 36
Covington, La. 70434
504-722-1042

PLEASE SERVE:
Sadie Gentry
2451 Bouie Road
Carriere, Miss. 39426

David Snow
2451 Bouie Road
Carriere, Miss. 39426

Albert J. Decorte
58240 Harbor Road
Slidell, La. 70460

USAA General Indemnity Company
through Secretary of State
8585 Archive
Baton Rouge, Louisiana 70809