## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

JUDITH M. DARBY                                            *
                                                          *
            *Plaintiff,*                                  *
                                                          *
VS.                                                       *    CIVIL ACTION NO.: 19-12622
                                                          *
                                                          *
DAVID G. SNOW, SADIE A. GENTRY,                           *
ALBERT J. DECORTE,                                        *
USAA GENERAL INDEMNITY COMPANY                            *
AND ABC INSURANCE COMPANY                                 *
                                                          *
            *Defendants,*                                 *

## RESPONSE TO REQUEST FOR PRODUCTION BY JUDITH M. DARBY AS PROPOUNDED BY SADIE GENTRY

Respondent (used hereinafter interchangeably with "Darby") generally objects to the Interrogatories and Requests for Production propounded herein as follows:

1. (a) - Respondent generally objects to the "Discovery Requests" as each may also seek the knowledge of a business over the period of its existence. Respondent is, where applicable, not authorized to release nor does Respondent have access to Responses. Furthermore, any entity in and of itself possess no knowledge except through its various agents or employees, each of whom may possess different levels of knowledge or to any given matter at any given time.

(b) Respondent objects to the Discovery (including the definitions/instructions) to the extent that it seeks information or documents subject to the privileges of attorney-client, work product and/or that prepared in anticipation of litigation, critical self-analysis, confidential business information to the extent it relates to experts not expected to be called to testify and to the extent that Discovery is vague and ambiguous or subjects respondent to undue burden or expense is is not reasonably limited as to time.

(c) Respondent objects on the grounds that the information sought is not admissible into evidence and does not appear reasonably calculated to lead to the discovery of admissible evidence. Respondent objects to the discovery as being overly broad, premature and unreasonably burdensome to the extent that it asks for a binding response early in the litigation when discovery is at a preliminary stage.

(d) The following responses are prepared by counsel (with the assistance of Respondent) based upon reasonable investigation and the information available to date. Respondent also objects on the grounds that the requests improperly seek the details of certain contentions without establishing the necessity of that discovery.

1



(e) These responses are also given without prejudice to Respondent's right to rely at trial on subsequently discovered information or information that was inadvertently omitted from these responses as a result of mistake, error or oversight.

2. The following are the objections of the Respondent and are prepared by counsel based upon reasonable investigation with its client and conducted and information assembled to date.

3. Discovery and investigation in this case are continuing and on-going. The right to supplement and amend these responses with additional information, or if errors are discovered, are specifically reserved. The objections are also given without prejudice to the Respondent. The Respondent's right to rely at trial on subsequently discovered information or information inadvertently admitted and/or omitted in these objections may be a result of mistake, error or oversight.

4. Respondent objects to the Discovery "to the extent that it seeks disclosure of information that may come into the possession of counsel during the course of discovery." Respondent objects to the Discovery to the extent and Discovery "to the extent as it seeks information or documents equally accessible to the Moving Party seeking discovery.
5. These objections are made solely for the purpose of this instant action. It is subject to all objections as to competence, relevance, materiality, propriety and /or admissibility, together with any & all objections and grounds that would require exclusion of statements contained therein, as if any statements contained therein were made by a witness, present and testifying in court, all of which objections and grounds are expressly reserved to be interposed at trial.

6. Respondent generally objects to the extent that the Moving Party's attempt to seek disclosure of mental impressions, conclusions, memoranda, notes or legal summaries, legal research or legal theories, and to the extent that the discovery requires disclosure of the mental impressions, conclusions or opinions of the Respondent, insofar as they relate to the value or merit of a claim or defense respecting strategy or tactics.

7. Document responses to a particular Interrogatory or Request for Production, whether any is being produced or withheld (for any reason, including but not limited to privilege), may in fact be responsive to more than one (1) Interrogatory or more than one (1) Request for Production. The identification of a single Interrogatory or Request for Production to which a particular document may be responsive does not necessarily mean that the document is also not responsive to other Discovery requests.

8. Production of a document that may be privileged is not a waiver of any privilege on any other document. Respondent reserves its right to continue to assert any privilege to any document that may be inadvertently produced.

9. There is also the objection insofar as the Interrogatories and/or Requests for Production seek information and/or documentation that is subject to attorney/client privilege, work-product doctrine or any other applicable legal protection or privilege.

2

10. There is also the objection insofar as the Interrogatories and/or Requests for Production to the extent each seeks confidential, proprietary or sensitive business and/or commercial information.

11. There is also the objection insofar as the Interrogatories and/or Requests for Production seek information and/or documentation insofar as the areas of inquiry to the extent seeks information regarding answers or documents generated by other parties who generated the documents or has answers to questions are in a better position to provide any testimony or information regarding such Discovery requests.

12. This litigation has just begun and discovery is on-going. Respondent may not yet be in a position to fully and completely answer all requests, but specifically reserves the right to amend such responses, as per law.

13. By providing information in response to these Discovery requests, Respondent does not concede that such information or disclosure thereof is relevant, material or admissible evidence and Respondent specifically reserves any and all right to object to the use of such information or documentation as evidence in this matter.

14. The phrase "subject to the foregoing objections" or substantially similar language used in response hereinafter, means that Respondent will not search for nor provide information that is subject to its specific objections or its general objections unless otherwise stated in the response, and that any information provided in response to the information or documents provided in response to this Discovery, document inspection or additional areas of inquiry may not be construed as a waiver of any objection.

15. These objections are applicable to every Interrogatory and Request for Production hereinafter, together with all responses thereto.

**16. Darby objects to the excess number of Requests for Production in violation of the Federal Rules, however, in the spirit of cooperation, Darby response in full.**

Subject to foregoing objections, the answers to Requests for Production, each response is subject to the following:

(a) Respondent objects in that the Request is premature and that Discovery is on-going and that litigation has recently been filed.

(b) Respondent objects to the extent that this request is overly broad and unduly burdensome.

(c) Respondent objects to the extent that this request seeks information and/or documents outside the scope of permissible Discovery under the Louisiana Code of Civil Procedure.

(d) Respondent will provide reports and/or documents in accordance with the applicable Scheduling Order and the requirements of the Code of Civil Procedure.

(e) Respondent reserves the right to supplement and amend this response.

Subject to these objections, and without waiving any, Darby responds:

**REQUEST FOR PRODUCTION NO. 1:**

Please provide and lable any and all documents that you have regarding Sadie A. Gentry's ownership in the vessel mentioned in your lawsuit and which was moored on the Tchecfuncte River in Madisoville, Louisiana on October 13, 2018.

**ANSWER TO REQUEST FOR PRODUCTION NO. 1**

None in hand at this time; Discovery is on-going relating to this Request and is not complete at this time; Darby reserves the right to supplement this Response. See audio attached.

**REQUEST FOR PRODUCTION NO. 2:**

Please provide and label any and all documents that you have regarding that Sadie A. Gentry had registered herself and/or the vessel, mentioned in your lawsuit and which was moored on the Tchecfuncte River in Madisoville, Louisiana, on October 13, 2018, at the Madisonville Wooden Boat Festival.

**ANSWER TO REQUEST FOR PRODUCTION NO. 2**

None in hand at this time; Discovery is on-going relating to this Request and is not complete at this time; Darby reserves the right to supplement this Response.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce and label any and all documents that you have that Sadie A. Gentry had anything to do with the placement of the walkway or plank from ship-to-shore to the vessel, mentioned in your lawsuit and which was moored on the Tchecfuncte River in Madisoville, Louisiana, on October 13, 2018.

4

**REQUEST FOR PRODUCTION NO. 41:**

Please produce any and all other documents not mentioned above in your possession with regard to the incident made the basis of your lawsuit.

**ANSWER TO REQUEST FOR PRODUCTION NO. 41**

See attached; Discovery is on-going relating to this Request and is not complete at this time; Darby reserves the right to supplement this Response as outstanding Discovery is fully answered, returns on subpoenas are made and expert reports are submitted per the Court's scheduling order

The Bezou Law Firm


s/ Jacques F. Bezou, Jr.
Jacques F. Bezou (3037)
Matthew L. Devereaux (32125)
Jacques F. Bezou, Jr. (33728)
Erica A. Hyla (34603)
534 East Boston Street
Covington, LA 70433
Telephone: (985) 892-2111
Facsimile:  (985) 892-1413


-and-

Robert A. Barnett


s/ Robert A. Barnett
Robert A. Barnett, A LLC #2778
19370 Hwy. 36
Covington, La. 70434
504-722-1042